RICHARD GREWE, PETITIONER-APPELLANT, v. AMERI-
CAN COOPERAGE CO., RESPONDENT-APPELLEE.

Decided November 20, 1946.

For the petitioner-appellant, *Fred Freeman* (by *Seymour B. Jacobs*).

For the respondent-appellee, *George E. Meredith*.

KALTEISSEN, C. P. J. This is an appeal from a decision rendered by the Workmen's Compensation Bureau, wherein Richard Grewe alleged that he suffered an injury which involved his heart as the result of an accident that he says happened to him during the course of his employment, on July 20th, 1944.

The petitioner testified that he was employed by the respondent as a cooper, and that in the course of his employment, he was obliged to handle barrels; and that he pulled one toward him against his chest, which he said was the usual method of procedure, but that on this particular occasion, he pulled the barrel harder than usual, and that he was seized with a pain in the chest, following which he became ill. He further says that he had talked with a fellow worker, John Nestrowicz, and told him about the accident after which he went home. This is denied by Nestrowicz, who says that the petitioner simply told him that he didn't feel well, and that he was going home.

The petitioner further testified that he did not go to the first aid room, although on previous occasions he had been there for treatments of different kinds. There were several other fellow workers whom the petitioner called, none of whom had seen the petitioner experience any accident, but to whom the petitioner said he did not feel well, and that he was going home. However, he made no mention of his illness being connected with his work.

The petitioner further testified that he notified the superintendent of the accident. This was denied by the superintendent. The petitioner made an effort to describe the manner .in .which the accident happened to the court, but his effort was evidently not at all convincing. The petitioner's own physician, Dr. Poller, had no mention of an accident in the original notation that was produced. Furthermore, the petitioner paid all of his doctor bills before any demand was made on his employer to assist him. There is also a very serious question as. to whether the petitioner reported the accident within the statutory time.

The burden is on the petitioner to prove that his condition was brought about as a result of an accident arising out of and in the course of his employment. The petitioner must establish the occurrence of an accident within the meaning of the Workmen's Compensation Act (*N. J. S. A.* 34:15–1, *et seq.*); by a preponderance of the testimony. There is complete absence of any testimony that the petitioner did anything out of his usual work. There is no competent proof

of testimony that the petitioner suffered any exertion, physical strain or physical effort; the elements that would be necessary to make his case compensable. There is furthermore, a complete absence of corroboration in any of the important or unimportant aspects of his case.

The court recognizes that the Workmen's Compensation Act shall be liberally construed. However, the burden of proof necessary to establish the allegations set forth in the petition, rests upon the petitioner. He must prove that there was an accident, and that it arose out of and in the course of his employment. "Arising out of," and "in the course of," are used conjunctively, and in order to satisfy the statute, both elements must co-exist; their concurrence is the prerequisite of a right of action.

The court recognizes that the Workmen's Compensation Act is for the benefit of the sick and failing as well as for the healthy and sturdy, however, proof and proper evidence must be produced that the petitioner suffered an accident that arose out of and in the course of his employment. There is not, in the court's opinion, definite proof of accident, nor is there definite proof that his condition was the result of an accident.

The court has very carefully studied the transcript of the record, the exhibits, the oral arguments of counsel, and the briefs submitted by counsel for petitioner and respondent. While this court is not obliged to accept the finding of the Commissioner, it must base its finding on the testimony as submitted in the transcripts and exhibits, yet the court cannot help but be influenced by the Deputy Commissioner who heard the testimony, had the witnesses before him, observed their attitude and demeanor, and was therefore, better able to decide upon the truth of their testimony.

Independent of the finding of the learned Deputy Commissioner, it is the court's opinion that the petitioner has not sustained the necessary burden of proof. The court, therefore, affirms the finding of the Deputy Commissioner, and affirms the dismissal of the petition.

A determination in conformity with this opinion may be presented.